UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY DEE BICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV87 CEJ |
| | ) | |
| CARL HEFNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motion of Gary Bice, an inmate at the Stoddard County Detention Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.00. <u>See</u> 28 U.S.C. § 1915(b)(1). Additionally, the Court is required to review the case under 28 U.S.C. § 1915(e). Upon review, the Court finds that the complaint fails to state a claim upon which relief can be granted. However, rather than dismissing the case at this time, the Court will give plaintiff an opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $144.98, and an average monthly balance of $72.11. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $29.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for denial of medical care. Named as defendants are Carl Hefner (Sheriff, Stoddard County), Tommy Horton (Head Deputy, Stoddard County Detention Center), and the Stoddard County Detention Center. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he has had an injury or illness relating to his testicles. Plaintiff says he asked defendant Hefner several times to be seen by a surgeon. Plaintiff claims that Hefner sent him to a primary care doctor, but that the doctor told him he needed to be seen by a surgeon. Plaintiff also claims that he has a general illness, which he believes is caused by the poor conditions in the detention center. Plaintiff further claims that his medications are given to him by unlicensed staff.

## Discussion

Plaintiff's claim against the Stoddard County Detention Center is legally frivolous because the detention center is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible

for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Horton was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Horton for this reason as well.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have until September 3, 2010, to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint by September 3, 2010, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $29.00 no later than September 3, 2010. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee by September 3, 2010, this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than September 3, 2010. If plaintiff fails to timely file an amended complaint, this case will be dismissed without prejudice.

Dated this 3rd day of August, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE